## HIRAM W. DIXON *v.* ABRAHAM FRAZEE.

The construction which parties themselves place upon an agreement to be responsible for goods delivered to a third person, is important, and often conclusive of its true character. If the credit is not given to the person making such agreement, his undertaking is collateral, and must be in writing. It is in such case in aid of the liability of another person.

The purchaser of goods and the alleged *guarantor* cannot both be liable therefor, as upon several original undertakings, at the same moment.

An agreement to be responsible for goods delivered to a third person, will not be deemed a continuing undertaking, unless its language clearly indicates that such was the intention of the parties.

Thus, where the defendant stated that "his son would want some hardware," and directed the plaintiff to "let him have what he wanted, and he would see plaintiff was paid;" *held*, that the words indicated an intention to embrace but one transaction.

How far it is in any case necessary, that a party who wishes to rely upon an undertaking of this character, should give notice of the delivery of the goods; *quere?*

THIS action was brought to recover payment for certain hardware furnished by the plaintiff to a son of the defendant, upon the alleged promise of the latter to be responsible therefor. The grounds of the plaintiff's allegations are stated in the opinion. At the trial, the judge charged, that if the agreement between the parties was an original one, it did not come within the statute of frauds, but was an undertaking which was binding for an indefinite period. The jury found for the plaintiff. The defendant appealed to the general term.

*John Newhouse*, for appellant.

*Charles Sweeny*, for respondent.

BY THE COURT. WOODRUFF, J.—The judge before whom the trial was had, both on the motion for a nonsuit and in his charge, appears to have regarded the undertaking of the defendant as an original undertaking, not within the statute of

frauds, or to have intended to submit the question to the jury without any guide to direct them in determining what was its true character.

Upon the evidence, I think the jury should have been instructed to find a verdict for the defendant. The proof was, that the defendant stated to the plaintiff's clerk, in the fall of 1844, that his son, Isaac, would want some hardware, and requested that plaintiff would "let him (the son) have what he wanted, and he (defendant) would see that he (plaintiff) was paid."

That "hardware was given to the son *in consequence*." That the hardware was charged by the plaintiff to the firm of Frazee & Sickles, a firm composed of Isaac, the son, and another person.

That a running account was kept from the fall of 1844, until Isaac stopped business, in consequence of his failure in 1848.

That purchases were made from time to time, and the goods were all charged to the firm of Frazee & Sickles, until Sept. 5th, 1846, when the firm of Frazee & Sickles ceased, and thereafter goods delivered by plaintiff were charged to Isaac Frazee.

That from time to time, during the continuance of the firm of Frazee & Sickles, the plaintiff's account was settled by their notes, and the balance due at the termination of the partnership was carried forward and charged to Isaac Frazee's individual account, and thereafter the like settlements were made by him, in the first instance by a note of the firm, and thereafter by his own notes, down to and including November 10th, 1847. That for the goods delivered after that day, together with a small balance of $1 21, not covered by the note given that day, together amounting to $206 38, this suit was brought.

That for a portion of this amount, viz., $166 18, the plaintiff took the note of Isaac on the 21st Feb., 1848.

That the defendant made no other promise, nor made any communication to the plaintiff at any time, other than the single one above stated, in the fall of 1844. And that the

plaintiff made no communication to him after he received the request, nor ever gave him any notice of any of his dealings, either with Frazee & Sickles or with Isaac Frazee.

These facts were not only not contested by the plaintiff, but proved by his own witness and his own books.

If it be possible to say, that the undertaking of the defendant applied at all to goods to be delivered to the firm of Frazee & Sickles, or to any more than a single bill of goods, which he then stated his son would want, it was plainly treated by the plaintiff himself, as at most a guaranty that the son would pay for them. The language of the undertaking, as testified to, is that he "would see that the plaintiff was paid." This might undoubtedly be regarded as an original undertaking when so intended by the promissor, and so received and acted upon by the promissee. But the construction which the parties themselves put upon agreements of this kind, has long been regarded as important, and oftentimes conclusive of its true character, and the important inquiry is therefore said to be, to whom was the credit given?

In this case, the plaintiff has put his own construction upon the agreement. He charged the goods, not to the defendant, in reliance upon the assurance he received from him, but to Frazee & Sickles, and afterwards to Isaac Frazee, and he persisted in that construction for nearly four years, settling the accounts, taking notes, as if no such person as the defendant was in being.

So far from there being any evidence that the plaintiff acted at all on the faith of the defendant's assurance, the proof is rather that he would not accept it. He did not *in words* assent to the defendant's request, and his *acts* in charging the goods to the firm, and not to the defendant, and taking the note of the purchasers for the account, indicate clearly that he preferred to rely upon them for payment. Be this as it may, he did rely upon them, and afterwards upon Isaac individually; and it is well settled that the purchaser of the goods, and the alleged guarantor, cannot *both* be *liable* therefor, as upon *several original* undertakings at the same moment, *i. e.*, if the

firm of Frazee & Sickles, or Isaac Frazee, was liable for the goods as purchasers, then the undertaking of the defendant (if it applied at all) was and must of necessity have been collateral, and of consequence was void, if not in writing conforming to the requirements of the statute of frauds.

The rule undoubtedly is, that if the credit is not given to the person who undertakes to be responsible for goods delivered to another, his undertaking is collateral, and must be in writing; it is in such case in aid of the liability of such other.

This view is in accordance with the decisions in *Cahill* v. *Bigelow*, 18 Pick. 369; *Stone* v. *Symes*, *Id.* 467; *Cram* v. *Carville*, 5 Hill, 483; 20 Pick. 471; *Brady* v. *Sackrider*, 1 Sandf. Sup. Ct. R. 514, and cases cited by Justice Sandford therein.

The exception taken by the defendant to the charge of the judge, applies more specifically to the character of the defendant's undertaking in another aspect. The jury were instructed that the agreement, if original, was good and binding for five or twenty years, or any indefinite period, and the plaintiff would be entitled to recover.

At the time the defendant left the message for the plaintiff, upon which the suit is founded, Isaac Frazee was in partnership with Sickles. This partnership continued for two years. The partnership was known to the plaintiff when the first bill of goods was furnished, and he also knew that it was dissolved, and when it was dissolved. The defendant might have been willing to subject himself to liability for goods delivered to his son while engaged in that copartnership business, and if his agreement extended to any more than one purchase, which I strongly doubt, it would be giving it an extended construction which neither its reasonable import, nor the usual course of dealing warrants, to hold that without any notice whatever to the father, (not even apprising him that his proposition was accepted or acted upon in any one instance,) this agreement bound the defendant through any and every change in his son's business relations, through solvency and insolvency, and for any indefinite period. An agreement of this description

will not be deemed a continuing undertaking, unless its language clearly indicates that such was the intention of the parties. There is nothing whatever in the language of the defendant that "his son, Isaac, would want some hardware," and "to let him have what he wanted, and he would see plaintiff was paid," to indicate that he then intended to embrace more than one transaction. The defendant plainly had been in some manner apprised that Isaac would want some hardware; when that want was satisfied, the purpose and scope of his promise was accomplished.

On both grounds, and without considering how far it was in any event necessary that the plaintiff should have notified the defendant of the delivery of the goods, if he wished to rely upon the defendant's undertaking, the verdict must be set aside, and a new trial be ordered. The costs of the appeal must abide the event of the suit.